**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0235n.06
Filed: March 27, 2009

**No. 08-5035**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| DANNY J. TAYLOR, aka Billy J. Taylor, aka | ) | |
| Germaine L. Thompson, aka Tony J. Daniels, aka | ) | |
| Brandon L. Taylor, aka Daniel J. Taylor | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: BOGGS, Chief Judge; and GILMAN and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. Daniel Taylor was convicted by a jury of being a felon in possession of a firearm. He appeals on two grounds. Taylor claims that the trial court committed plain error by allowing the court clerk to read the indictment, which contained Taylor's six aliases, to the jury. He also claims that his attorney provided ineffective assistance by failing to object to the reading of the aliases and by failing to call Taylor's girlfriend, who was with Taylor on the night of the offense, as a witness. Taylor does not show that including aliases in his indictment was improper or that he was prejudiced by the court's reading of his aliases to the jury. Taylor's claims of ineffective assistance of counsel are not cognizable on direct review. The judgment of conviction is affirmed.

Taylor was charged in a one-count federal indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The indictment, which originally listed his name as "Danny James Taylor," included six aliases. A month after Taylor was charged, the Government moved to correct the indictment to replace "Danny James Taylor" with the appellant's correct name, Daniel James Taylor. The court ordered the change. Eight months later, in preparation for trial, Taylor stipulated that he was a felon and that the gun at issue had traveled in interstate commerce. At the conclusion of the voir dire, the court clerk read the indictment, including the six aliases, to the jury. Taylor's counsel did not object to this reading. The aliases were not mentioned again during the trial.

Because Taylor stipulated to the prior felony and interstate commerce elements, Taylor's possession of the firearm was the only issue to be proved at trial. The Government called only one witness, Officer Christopher Bailey of the Chattanooga Police Department. Bailey testified that, after responding to the sound of nearby gunfire, he observed a man resembling the defendant fire a shot into a field. When Bailey stopped his unmarked police car at the scene, the suspect pointed the gun directly at Bailey. Bailey alerted the suspect to his status as an officer by placing a blue light in the dashboard. A high-speed chase ensued. After briefly losing sight of the suspect, Bailey found the unoccupied vehicle, which had been involved in a collision, by the side of the road. Bailey heard footsteps in the woods behind the car and observed two people running away from the scene. Bailey pursued and apprehended Taylor and a woman identified as Gwendolyn Cox. The couple initially

denied being the car's occupants, but Cox's driver's license was found in the car shortly thereafter. When Bailey confronted the pair with the license and asked about the shooting, Cox indicated that Taylor was the shooter. At that point, Bailey separated and Mirandized the subjects.

Taylor initially admitted that he drove the car, but he denied shooting the gun. Taylor then recanted, indicating that he would say he shot the gun if it meant Cox would not go to jail. After Bailey instructed Taylor to tell the truth, Taylor stated that he both drove the car and shot the gun. Bailey then placed Taylor under arrest. Taylor's case was later referred for federal prosecution.

Cox, who was also a convicted felon, was not charged. She filled out a domestic-violence statement on the night of the incident, saying that she and Taylor had argued about his suspicions that she was unfaithful. Taylor attempted to give her a warning her by pulling the car over and firing shots into a field. He then fled from the police. With Cox's assistance, officers recovered the gun and shell casings from the scene of the shooting. Some time thereafter, the Assistant U.S. Attorney sent Taylor's then-counsel a letter saying that Cox made statements to investigators that she was the one who possessed and fired the gun.

Although Taylor initially indicated that he would plead guilty, he later changed his plea to not guilty. As a result of this change in plea, Taylor's attorney withdrew. The court appointed the attorney complained of in this action to represent Taylor at trial. Taylor's trial attorney did not call Cox as a witness. The jury returned a verdict of guilty.[1]

---

[1]The record contains an inconsistency on this matter. Entry #50 in the district court's docket is a Verdict Form reflecting a jury finding of guilt. The trial transcript also reflects a jury finding of guilt. However, the district court's Judgment, which is entry #72 in the docket, indicates that Taylor

Taylor appeals on two grounds.  First, he claims that the district court committed plain error by having the clerk read to the jury an indictment that included the six aliases.  Second, Taylor claims that his attorney rendered ineffective assistance by not objecting to the reading of the aliases and by not calling Cox as a witness.  Taylor's plain-error claim fails and his ineffective-assistance-of-counsel claims are not cognizable on direct review.

Taylor's aliases were appropriately included in the indictment because they were necessary to connect Taylor to the crime charged.  Taylor was indicted for being a felon in possession of a firearm.  At the time of his indictment, Taylor's status as a convicted felon was a live issue.  The Government had a legitimate reason to include aliases under which Taylor may have committed the predicate felonies.  While this circuit frowns on the use of aliases in indictments, *United States v. Wilkerson,* 456 F.2d 57, 59 (6th Cir. 1972), the practice is acceptable where the aliases are necessary to connect the defendant to the acts charged, *United States v. Emuegbunam*, 268 F.3d 377, 394 (6th Cir. 2001) (citing  *United States v. Hines,* 955 F.2d 1449, 1454 (11th Cir. 1992)).

Although Taylor later stipulated to his felon status, thus making his aliases irrelevant, the district court committed no error in failing to strike the aliases from the indictment at that time. Taylor inaccurately states that the court did strike the aliases, and that the court clerk disregarded the court's order when she read the indictment to the jury.  In fact, the court's earlier order amending the indictment referred only to changing the appellant's name from "Danny" to "Daniel."  Neither the court order, nor the Government motion that initiated it, referred to the aliases.  Indeed, the

---

pled guilty.

motion was filed and the order issued several months prior to the factual stipulation that made the aliases irrelevant. While the district court had discretion to strike the unnecessary aliases from the indictment after Taylor stipulated to his felon status, no precedent suggests that the court committed error by not striking the aliases sua sponte. *Cf. Emuegbunam*, 268 F.3d at 394 ("The decision whether to strike language from an indictment rests within the sound discretion of the district court.")

Even so, any error was harmless. Taylor suggests that reading the six aliases after his name left the jury with the impression that he was a career criminal; but the presence of the aliases could not have affected the outcome of the trial. Taylor's status as a felon was not in question. The only issue was whether Taylor possessed the gun, and the Government presented compelling, unrefuted evidence on that issue. Officer Bailey, the sole witness at trial, testified that he personally observed Taylor shoot the gun. Where the evidence against the defendant is strong, we have repeatedly held that the presentation of aliases did not prejudice the defendant. *See, e.g.*, *United States v. Lawson*, 535 F.3d 434, 442-43 (6th Cir. 2008); *Wilkerson*, 456 F.2d at 59.

Taylor's claims of ineffective assistance of counsel are not cognizable on direct review. *See United States v. Aguwa*, 123 F.3d 418, 423 (6th Cir. 1997). Taylor contends that his attorney was ineffective both for failing to object to the aliases and for failing to offer testimony from Cox, who Taylor asserts could have provided exonerating information. Such claims should be brought in post-conviction proceedings under 28 U.S.C. § 2255 because such proceedings allow the parties to develop an adequate record for review. *Id.* Although this court may consider ineffective-assistance-

of-counsel claims on direct review where the record is adequately developed, *United States v. Pierce*, 62 F.3d 818, 833 (6th Cir. 1995), the record is not adequately developed here.

For the foregoing reasons, we AFFIRM the judgment of the district court.